Our next case this morning, Your Honor, is Back Beach Neighbors Committee versus the Town of Rockport. Case number 22-1485. Counsel for the appellant, please approach the podium and put your appearance on the record. Thank you very much, members of the court. My name is Michael Walsh. I represent the appellants in this case, the Back Beach Neighbors Committee. We've brought to Your Honor's a case in which we essentially argue it as a primary, if not sole, contention that this court's prior precedence regarding class of one equal protection claims under the Supreme Court in OLEC failed to pay appropriate deference to the Supreme Court's decision in Inquist in 2008. This court in, pardon me, I have a citation right here, Cortey Allen v. Conlon in 2007 applied what it called the comparability sieve. It said that anyone that wants to bring a class of one action must necessarily plead with a high degree of specificity their comparators. Mr. Walsh, have you read our more recent opinion on McCoy v. Town of Pittsfield? It has temporarily escaped me, Your Honor, but I have read it. But I was drawing primarily from... Well, don't you have a problem under Town of Pittsfield of not showing similarly situated comparators? I traced that identical language back to Cortey, which I believe is his original source, and I'm arguing that we don't have to, Your Honor, under Inquist. Why? I'm sorry, you said that the Supreme Court has overruled that you have to show similarly situated? Is that your argument? It's an aggressive argument, Your Honor, but that's what we're standing here saying today. Well, then what are you left with? If you're, how do you say that Apple's been... Your Honor, the logic in Cortey Allen, which transfers all the way down into Pittsfield and runs through Freeman, stands for the effect that a class of one plaintiff needs to show with a high degree of similarity as comparators. But it rest, Cortey came to that based on the idea that there could be millions of governmental decisions that could be rested in any given case into a class of one decision. The Supreme Court subsequently in the following year in 2008 in Inquist said that the sine qua non of a class of one equal protection claim is not the comparators because, among other things, citing to Olek, the quote from Olek is that equal protection protects people, not classes. It's an individual right. But in Inquist, talking about the application of class of one in the employment context, it found that the question was whether there was a clear standard and whether or not that you could bump against or whether or not the decision, the governmental decision was a subjective or discretionary one. We have argued here in our complaint in we pointed to four specific standards. And so when we drew this case, we drew the complaint. We relying on Inquist believe that as long as there's a clear and measurable standard that we can point to that we're being treated differently, that that should be sufficient to get through the pleading stage. The courts, if the two things you're comparing aren't comparable. Then how do you even generate the inference that there's something irrational about treating them differently? You, the very inference that you build your equal protection claim on seems to arise only because you're showing that two people who are similarly situated are being treated differently. And if you take that logic out to its fullest extent, you come to a logical contradiction that you can actually see in the district court's opinion, where it says not only does the committee concede that other Rockport beaches are not relevant because comparators because back beach is, quote, the only beach, which is signed as public property, but it's not the only beach, which is signed as public property. Leaving the rest of the sentence aside, when you're necessarily saying that you've been treated differently, it's to some extent, you can take the idea that you have to find someone right next to you, not suffering the same disability. You can take it to a truly ridiculous degree. Respectfully, the heightened obligation to plead a comparator with a high degree of specificity comes from this court's original decision in court and has been carried through past 2008 into cases like. You have evaded judge chaotic question. My apologies. All right, so let's go back. Let's go back even under your theory. Irrationality has to be shown and if there are differences between comparators, how then can it be irrational? You are absolutely correct us to that point. Your honor in our complaint, we pled that we were treated differently because public parking is here. And even though we're still a beach in a residential area, it's a difference, which we argue is arbitrary the filtering function of the court was trying to accomplish with erecting this comparability of language from Cordy, the Supreme Court said should come from reviewing whether or not there's discretion in the decision and whether or not there's a clear standard not from requiring a plaintiff coming to the court to say, no, we're not going to do that. We're going to have to ask for a higher standard, not requiring a plaintiff coming in to attain a higher height and threshold. Shall we? This is essentially very much like trying to subject us to a rule 9 civil heightened pleading. Okay, let's let's go back. You are admitting that you don't have similarly situated comparator. Is that correct? I wouldn't say so. Your honor, we're saying that inferentially from the complaint, there are other public beaches in Rockport that are near residential areas that are not given public parking. And we're the clear for it in the fight standards that we are scuba diving. Okay, you're saying that the fact that they haven't been given public parking, whereas your client group has a beach that has public parking is. Irrational because there is no possible justification for that. Is that the argument? Yes, your honor. There are there's another beach called front beach. I believe it's pled in our complaint, which is closer to the downtown business district. It's approximately 100 feet down the road with a small promontory and that beach, despite having commercial establishments near it, like a motel does not have. Public park and so excuse me. So what was the town supposed to do? Tear down the motel and create a parking lot. No, your honor, but in terms of a street of the same width, they could have put public parking spaces down the road at front beach closer to the business district, rather than put them up in the private neighborhood and their failure to do that, or to at least treat. Okay. That's a different argument. That's a. If you were going to have public parking, you should have located it someplace else. We are getting public parking under a specific rationale and if you held the rationale true across the other alternatives, then there are other people who would get it before we do, but they don't have it. And therefore, I see an equal protection complaint. How are your clients? I'm sorry, other people are entitled to public parking. You have it and you're injured by that. It brings an element of of tourists to a residential neighborhood that are not brought to other residential neighborhoods in the center. Go ahead, I'm sorry, I'm understanding this town's got 3 beaches. 1 of them has public parking and meters in the light. The other 2 don't your honor. I believe the town has 7 public beaches. I'm asking a hypothetical what policies are and then the town finds out they're going to be a art festival that wants to be on a beach. And so they say, which beach should we allow the art festival to be on? We'd only wanted on 1 of our beaches because we want to leave the others open and someone says, let's pick the beach that has the public parking since we'll be bringing lots of people here. And that's what they do. Are you saying that we should rule something like that would be irrational. Without a rational basis, no, your honor, I'm saying that I should be allowed to get far enough into the proof stage to demonstrate, but no, to even plead a claim. Is it. Rational basis test, we can decide on the pleadings. It rational basis is extremely differential. And so tying back to the other argument, it does not require a heightened pleading standard for exact comparators. But to answer your question specifically, in that particular circumstance, because there's no measurable articular standard, they have a free choice of beaches. In our particular case, we pointed to 4 specific standards and argued that they weren't being applied equally. The diving law, the beach law, the parking regulation and what have you, but there's, there's a difference in the parking at your beach compared to the other 2 pursuant to the articulated standard, which are not applied across the board to the other to the other beaches. But then that's a different cases. I judge Lynch was suggesting that that's suggesting that the equal protection violation took place when they decided where to put the parking. Yes, your honor, but that's not what you've pleaded. We can't we can't hold the government under inquest because specific decisions are discretionary. We can't hold the government to account for that. We can hold them for institutional or formulaic structural decisions, like where to put the parking. We can't say closing this particular beach street on this particular day for this particular art festival is irrational because it's got to go somewhere and they're allowed to have some discretion where to put it. But we can say that when they erect year round parking on a particular beach and not on other beaches, that's structural enough that it doesn't implicate the government's discretion and therefore we assert under anguish at least allow for the founding of the protection. They decided they wanted to have you say there were 7 beaches. They wanted to have scuba, but only at 1 of them because they didn't want to have too much scuba. So they put all 7 beach names in a hat pulled out 1 and it was yours equal protection violation. No, your honor that that's a completely random decision among choices. It's purely discretionary and doing so by by law. It is perfectly justified. I'm sorry the logic of that is if they had a reason. Then they lose if they don't have a reason, but they pull the name out of the hat. There is no problem. And you're suggesting we want to set up a government that functions that way. Really, may I answer your honor? Go ahead with respect your honor. If the government goes to the trouble of establishing a rule, we should be able to argue that the rule should be applied equally across different people. If they don't establish a rule, if they leave a discretionary decision, then it's completely under them. It can't be challenged very much like the difference between at will versus a 10 year employment decision. Thank you very much. Your honor. We rest of the briefs. Thank you. May it please the court your honors Deborah Ecker for the town of Rockport. If we can take a step back, the plaintiffs here are unincorporated association of more than 1 individual. The claim that they are appealing, there were many, but the claim that they are appealing here is a class of 1 claim. So, by the very nature of the association, they are more than a class of 1. They are a class of many as the lower court found a number of residents going forward. They're using as a measure the beach this public beach that is in their neighborhood that they say the beach itself was treated differently. Not them, but the beach, it's been our contention that the beach is not a proper measure. Even if it were in their pleadings, as your honors have pointed out, they pled that it was different from all other beaches in town because the beach of butts a public way that has public parking for purposes of a motion to dismiss. I will take all their allegations is true that there's no public parking elsewhere, but by their very meetings, they're asserting that they are different from others. Similarly situated. How does it help you if it's a class of 100, as opposed to a class of 1 under either wouldn't in this case, it'd be a rational basis test that we would have to consider what reason was put forward and whether there was rational. Under either yes, you're correct. Although what difference does it make whether it's a class of 1 or a class of 100. For the purposes of this case, none other than they're bringing in as a class of 1 case under the standard, which has 1 individual who's treated differently. Same with Cordial and as all others. So, even if you jump over that step, you get to whether they're similarly situated, whether their comparators, there are none in the complaint. In fact, the complaint pleads just the opposite that this beach, if they can bring it on behalf of a beach. Is different from all other beaches in town because of the configuration, the geography, the parking, the gazebo, the other accusements that are near where these residents reside in back beach. So, on that basis as well, the lower court properly balance in the town's favor on the motion to dismiss the complaint does allege conduct and activity by some. Minority of the scuba divers, they would, you would think be quite distressing to people who live in a neighborhood in their homes. Is there anything in the record in terms of what the town is doing to bring a halt to that type of activity in the complaint itself? They talk about the police who arrive when their complaints with the scuba divers. They say the complete the police department's efforts have not been successful. They're under staff. They understand that. I'm paraphrasing from the paragraphs in the complaint. But they have put in the complaint itself what the town has tried to do to alleviate the situation for the neighbors there. They haven't in the same token for talking about similarly situated hasn't said what the town, what the police department in the town has done for other beaches in the area and how they're similarly situated in that situation. If your honors have no further questions, we would rest on a brief and respectfully ask that the lower courts decision be affirmed. Thank you. Thank you.